Filed 3/25/24  In re R.B. CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re R.B., a Person Coming Under the Juvenile Court Law. | |
| J.B., Petitioner and Appellant, v. SAN BERNARDINO COUNTY CHILDREN AND FAMILY SERVICES, Objector and Respondent. | E080668 (Super. Ct. No. J174807) OPINION |

APPEAL from the Superior Court of San Bernardino County.  Lynn M. Poncin, Judge.  Vacated and remanded with directions.

Heather E. Williams, Federal Defender, Jennifer Mann, and Cecilia Han, Assistant Federal Defender, for Petitioner and Appellant.

Tom Bunton, County Counsel, and David Guardado, Deputy County Counsel, for Objector and Respondent.

1

# I.

## INTRODUCTION

J.B. was sentenced to death by an Arizona state court. He filed a petition for a writ of habeas corpus in federal court. To support his petition, J.B.'s attorneys must conduct an investigation into his social and family history. As part of that investigation, J.B.'s attorneys sought records from his nephew's juvenile dependency case, but the juvenile court denied his request. J.B. appeals, and we vacate and remand.

# II.

## FACTUAL AND PROCEDURAL BACKGROUND

J.B. was convicted of murder and sentenced to death by an Arizona court in 2011. After exhausting his state-court remedies in 2015, he filed a petition for a writ of habeas corpus in Arizona federal court to reduce his sentence and avoid the death penalty. That court then appointed the Federal Defender for the Eastern District of California to represent him in the habeas proceedings.

J.B.'s attorneys filed in the juvenile court below a JV-570 "Petition for Access to Juvenile Case File" under Welfare and Institutions Code section 827 (section 827). The petition sought "[a]ny Juvenile Court dependency records that may pertain to" J.B.'s nephew, R.B., who is the son of J.B.'s deceased brother. J.B.'s attorneys explained that they had to "conduct a complete investigation into the social and family history of [J.B.], which would include any interactions of his family members with the juvenile court

systems." J.B.'s attorneys thus thought that R.B.'s dependency records "are a necessary component" of the investigation into J.B.'s "social and family history."

San Bernardino County Children and Family Services (CFS) filed an objection to J.B.'s petition. CFS first argued that, because R.B. had been adopted, Health and Safety Code section 102705 governed J.B.'s request, not section 827. CFS next argued that, under Health and Safety Code section 102705, J.B. failed to show "good and compelling cause" for releasing R.B.'s dependency records because he did not show that the records have "any relevance to [his] social and family history."

Without further filings or a hearing, the juvenile court denied J.B.'s petition. On a JV-573 form entitled "Order on Petition for Access to Juvenile Case File," the juvenile court checked only a box stating, "The child is alive and the court will conduct a review of the juvenile case file and any filed objections."[1] On a JV-574 form entitled "Order After Judicial Review on Petition for Access to Juvenile Case File," the juvenile court checked a box stating, "After a review of the juvenile case file and review of any filed objections," the court would deny the petition because "[a]ccess is not in the child's best interests," "[t]he need for access does not outweigh the privacy rights of the child and the policy considerations favoring confidentiality of the juvenile case file," and "[p]etitioner

---

[1] In December 2022, the juvenile court initially issued two sets of somewhat conflicting orders on J.B.'s petition (completed JV-573 and JV-574 forms). We directed the juvenile court to clarify which set of orders was correct. In response, the juvenile court issued a third set of orders that is identical to the second set, which we construe as confirming the second set of orders. We therefore base our analysis on the second set of orders.

has not shown by a preponderance of the evidence that the records requested are necessary and have substantial relevance to the legitimate need of the petitioner." J.B. timely appealed.

III.

DISCUSSION

J.B. argues the juvenile court erred for a number of reasons, including that the court did not make an adequate record for two reasons. First, the juvenile court did not explain its findings for denying his petition, leaving him "left to guess as to why the court ruled as it did." Second, J.B. argues the record is inadequate because the court did not include copies of R.B.'s dependency file that the court "reviewed in camera," which impermissibly makes appellate review impossible. We agree that the record is inadequate for meaningful review, albeit for slightly different reasons.

When we first reviewed the record, we noted that R.B.'s dependency file was not in the record. This appeared inaccurate because the juvenile court's orders stated that the court would "conduct a review of [R.B.'s] juvenile case file" and that, "[a]fter a review of the juvenile case file," the court found that none of the records from R.B.'s dependency case should be released to J.B.

We therefore ordered the superior court to augment the record with a copy of R.B.'s juvenile case file that the juvenile court reviewed in denying J.B.'s petition. The superior court responded, however, that there were no additional records and that the record was complete. We then directed the juvenile court to confirm what it reviewed

4

when denying J.B.'s petition. The juvenile court issued a minute order stating that it denied J.B.'s petition based on a review of only the petition and CFS's objection to it.

This order is at odds with the juvenile court's orders denying J.B.'s petition. The court's order on the JV-573 form states that the court "will conduct a review of the juvenile case file" and then rule on J.B.'s petition. The court's subsequent order on the JV-574 form states that the court denied the petition "[a]fter a review of the juvenile case file" because that review convinced the court that the file should not be released to J.B. for several reasons.

The grounds for the juvenile court's denial of J.B.'s petition are therefore unclear. It appears the juvenile court summarily denied J.B.'s petition given that the court denied it without holding a hearing after reviewing only the petition and CFS's objection to it. California Rules of Court, rule 5.552(d)[2] states that a juvenile court may summarily deny a request, like J.B.'s, for the release of a juvenile case file under section 827 if the petition "does not show good cause." But the juvenile court did not find that J.B.'s petition lacked good cause. On the JV-573 form, the juvenile court did not mark the box stating that "petitioner has not shown good cause for the release of the requested records," but instead marked the box stating that the court "will conduct a review of the juvenile case file and any filed objections." Thus, it appears that the juvenile court found that J.B. showed good cause.

---

[2] All undesignated rule references are to the California Rules of Court.

5

As a result, rule 5.552(d)(2) and (3) came into play. Rule 5.552(d)(2) says that "[i]f petitioner shows good cause, the court may set a hearing," but rule 5.552(d)(3) goes on to say that "[w]hether or not the court holds a hearing, if the court determines that there may be information or documents in the records sought to which the petitioner may be entitled, the juvenile court judicial officer *must* conduct an in camera review of the juvenile case file." (Italics added.) After reviewing the juvenile case file, the juvenile court then must decide whether and to what extent to release the documents in the file in accordance with rule 5.552(d)(4) through (8), as applicable.

As relevant here, rule 5.552(d)(4) states that "the court must balance the interests of the child and other parties to the juvenile court proceedings, the interests of the petitioner, and the interests of the public." Rule 5.552(d)(5) provides that the court may grant the petition only if "the court must find that the need for access outweighs the policy considerations favoring confidentiality of juvenile case files." Rule 5.552(d)(6) then explains that "[t]he court may permit access to juvenile case files only insofar as is necessary, and only if petitioner shows by a preponderance of the evidence that the records requested are necessary and have substantial relevance to the legitimate need of the petitioner."

On the JV-574 form, the juvenile court's orders state that, "after a review of the juvenile case file," the court found that "[a]ccess is not in the child's best interests," "[t]he need for access in does not outweigh the privacy rights of the child and the policy considerations favoring confidentiality of the juvenile case file," and "[p]etitioner has not

6

shown by a preponderance of the evidence that the records requested are necessary and have substantial relevance to the legitimate need of the petitioner."

The juvenile court thus seemingly applied rule 5.552(d)(4) through (6) to deny J.B.'s petition. But the court necessarily could not have done so without first reviewing R.B.'s juvenile case file, which the court recently confirmed it did not do, even though its orders on the JV-573 and JV-574 forms state that the court reviewed the file.

In short, the record is unclear. On the one hand, the juvenile court seems to have summarily denied J.B.'s petition without reviewing R.B.'s juvenile case file, which could have been authorized under rule 5.552(d)(1). (We express no opinion on whether a summary denial would be appropriate here.) On the other hand, the court's orders indicate that it denied J.B.'s petition based on a review of R.B.'s juvenile case file, which the court actually did not review. Needless to say, this would not have been proper, and the court's apparent findings under rule 5.552(d)(3) through (6) would have no evidentiary support. But given the juvenile court's minute order confirming that it denied J.B.'s petition after reviewing only the petition and CFS's objection, it is possible that the court summarily denied the petition but the court's orders on the JV-573 and JV-574 forms did not accurately convey its ruling.

Like J.B., we are left unsure as to the basis for the juvenile court's order denying his petition, so we cannot adequately review the court's order on this unclear record. We therefore conclude the appropriate course is to vacate the juvenile court's order denying J.B.'s petition and remand for further proceedings. On remand, the juvenile court is

7

directed to reconsider J.B.'s petition and issue a ruling confirming the court's order on the petition. Whether to allow or order further filings or to hold a hearing is left to the juvenile court's discretion. (See rule 5.552(d)(2).)

## IV.

## DISPOSITION

The juvenile court's order denying J.B.'s petition is vacated and the matter is remanded for further proceedings consistent with this opinion.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:

McKINSTER
Acting P. J.

FIELDS
J.

8